```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 9/27/2024
-------------------------------------------------------------- X
                                                 :
JOHN FAICAN.,                                    :
                                                 :
                                  Plaintiff,     :            1:23-cv-10633-GHW
                                                 :
                -v-                              :            ORDER
                                                 :
LENOX PARKING GARAGE, LLC, et al.,               :
                                                 :
                                  Defendants.    :
                                                 :
-------------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

Pending before the Court is a motion filed by *pro se* Defendant Ronald Massie to dismiss Plaintiff's claims against Mr. Massie for insufficient service of process. Dkt. No. 36. The parties' submissions in connection with Mr. Massie's motion to dismiss raises an issue of fact, and the Court finds that an evidentiary hearing is necessary to resolve the issue. Specifically, the parties' submissions raise a question of fact as to whether Mr. Massie was properly served with process in accordance with N.Y. C.P.L.R. § 308(2), including whether he was served at his "actual place of business." N.Y. C.P.L.R. § 308(2).

Accordingly, the Court will hold a hearing on October 18, 2024 at 2:00 p.m. in Courtroom 12C of the Daniel Patrick Moynihan United States Courthouse, New York, New York 10007. All evidence that the parties would like to present for the Court's consideration of whether Mr. Massie was properly served with process must be presented at the hearing. Plaintiff is reminded that he retains the burden of establishing that service of process was proper and should be prepared to present evidence at the hearing to meet that burden. *See Fed. Nat'l Mortg. Ass'n v. Castoldi*, 134 N.Y.S.3d 87, 89–90 (2d Dep't 2020) ("It is well established that the burden of proving that personal jurisdiction was acquired rests at all times upon the plaintiff in the action. . . . [If] a hearing is necessary, . . . the plaintiff must establish jurisdiction by a preponderance of the evidence [at the

hearing].""). The Court expects that Mr. Massie will appear at the hearing if he wishes to continue to pursue his motion. If he fails to appear at the hearing, the Court will consider his motion to have been abandoned.

Separately, the Court will also hold a teleconference to discuss the evidentiary hearing on October 4, at 11:00 a.m. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Specifically, the parties should call into the Court's dedicated conference line at (888) 557-8511, and enter Access Code 747-0200, followed by the pound (#) key. **In addition to the parties' counsel, Mr. Massie is ordered to personally attend the teleconference,** unless he retains the services of a lawyer admitted in the Southern District of New York to represent him in this matter and appear on his behalf at the conference.

The following procedures shall apply to all teleconferences with the Court: Counsel should use a landline whenever possible, should use a headset instead of speakerphone, and must mute themselves whenever they are not speaking to eliminate background noise. In addition, counsel should not use voice-activated systems that do not allow the user to know when someone else is trying to speak at the same time. To facilitate orderly teleconferences and the creation of an accurate transcript where a teleconference is held on the record, counsel are required to identify themselves every time they speak. Counsel should spell any proper names for the court reporter. Counsel should also take special care not to interrupt or speak over one another. The recording of any court conference is prohibited by law. Like in-person conferences, telephone conferences are open to the public. Members of the public or the press may join a telephone conference using the dial-in information above.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Plaintiff is directed to serve a copy of this order on all Defendants and to retain proof of service.

SO ORDERED.

Dated: September 27, 2024
New York, New York

GREGORY H. WOODS
United States District Judge

3