USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                         :
JOHN FAICAN,                                             :
                                                         :
                                      Plaintiff,         :        1:23-cv-10633-GHW
                                                         :
                 -v-                                     :        ORDER
                                                         :
LENOX PARKING GARAGE, LLC, *et al.*,                     :
                                                         :
                                      Defendants.        :
                                                         :
-------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

Plaintiff John Faican commenced this action on December 6, 2023. Defendant Ronald Massie, proceeding *pro se*, moved to dismiss the action against him on June 12, 2024. The Court found that an evidentiary hearing was necessary to decide Mr. Massie's motion to dismiss. The Court has been scheduling—and rescheduling—that hearing since September 2024. After requesting no less than six adjournments, Mr. Massie has now failed to appear at three separate hearings, first a hearing scheduled on November 4, 2025, a hearing scheduled for January 12, 2026, and a hearing scheduled for February 2, 2026. In each case, Mr. Massie has either provided no notice in advance of his failure to appear, or notice at the 11th hour.

For the reasons stated below, the Court hereby finds that Mr. Massie is in default as a result of his failure to litigate his motion to dismiss, his failure to appear at the evidentiary hearings, and his failures to comply with the Court's orders.

## I.    BACKGROUND

Plaintiff John Faican commenced this action on December 6, 2023. Dkt. No. 1. The complaint names three defendants: Lenox Parking Garage LLC (d/b/a Citi Parking), Ronald Massie, and Richard Girouard. *Id.* at 1. On March 11, 2024, Plaintiff filed an affidavit of service as to Defendant Ronald Massie, representing that Mr. Massie had been served on March 7, 2024. Dkt.

No. 15.  Mr. Massie did not appear in the action.  On April 11, 2024, the Clerk of Court entered a certificate of default as to Mr. Massie.  Dkt. No. 26.

On June 12, 2024, Mr. Massie, appearing *pro se*, moved to dismiss the action against him under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.  Dkt. No. 36.  Plaintiff filed an opposition brief on July 19, 2024, Dkt. No. 46, along with a declaration of Plaintiff.  Dkt. No. 47-1.  Mr. Massie filed a reply on July 26, 2024, which attached a declaration of Mr. Massie.  Dkt. No. 49.

On September 27, 2024, the Court found that the parties' briefing on Mr. Massie's motion to dismiss "raise[d] an issue of fact" and "that an evidentiary hearing is necessary to resolve the issue."  Dkt. No. 51.  The Court scheduled an evidentiary hearing for October 18, 2024 at 2:00 p.m. with respect to the issue of whether Mr. Massie was properly served with process.  *Id.*

On October 1, 2024, the parties requested an adjournment of the evidentiary hearing because Plaintiff's counsel "ha[d] an unavoidable scheduling conflict," and Mr. Massie was traveling overseas.  Dkt. No. 52.  The Court granted the parties' request and adjourned the evidentiary hearing to November 7, 2024.  Dkt. No. 53.  On October 24, 2024, following a telephonic conference and at the parties' request, the Court again adjourned the hearing to January 15, 2025.  Dkt. No. 54.

On January 9, 2025, Plaintiff sought an adjournment of the evidentiary hearing because his counsel had a conflicting trial.  Dkt. No. 57.  Plaintiff's counsel represented that he conferred with Mr. Massie, who was also unable to attend the January 15, 2025 hearing due to an injury.  Dkt. No. 59.  The Court adjourned the hearing, for a third time, to February 5, 2025.  Dkt. No. 60.

On February 3, 2025, Plaintiff's counsel represented that he had again conferred with Mr. Massie.  Dkt. No. 61.  Counsel relayed that Mr. Massie would not be able to attend the hearing because he was in the hospital.  *Id.*  The Court granted the request and adjourned the hearing, for a

2

fourth time, to February 24, 2025.  Dkt. No. 62.  The Court warned that "[t]he parties should not expect the Court to grant additional adjournments."  *Id.*

On February 5, 2025, the parties requested another adjournment because Plaintiff's counsel had a conflicting mediation, and Mr. Massie was in the hospital.  Dkt. No. 63.  Mr. Massie requested a "one to two month[]" adjournment.  *Id.*  The Court adjourned the hearing *sine die* and scheduled a telephonic status conference for April 2, 2025.  Dkt. No 64.

At the April 2, 2025 conference, Mr. Massie expressed his intent to move forward with the motion to dismiss, and the Court scheduled the evidentiary hearing for August 11, 2025.  Dkt. No. 65.  On August 7, 2025, days before the scheduled evidentiary hearing, Plaintiff's counsel requested an adjournment after receiving a phone call from Mr. Massie, in which Mr. Massie stated that he would be unavailable for the upcoming hearing because he was in Puerto Rico.  Dkt. No. 73, at 1.  Mr. Massie also told Plaintiff's counsel that he would not appear by Zoom.  *Id.* at 1–2.  Accordingly, the Court entered an order adjourning the evidentiary hearing to November 4, 2025 at 10:00 a.m.  Dkt. No. 74, at 2.  In its order, the Court noted that, while it was "sensitive to Mr. Massie's health limitations, his request for an adjournment [was] very late."  *Id.*  The Court also noted that Mr. Massie's delay in requesting an adjournment "required [Plaintiff] to prepare for the hearing— including by scheduling witnesses to appear[.]"  *Id.*  The Court specifically ordered Mr. Massie to appear at the November 4, 2025 hearing:

> Mr. Massie is personally ordered to appear at the hearing.  If Mr. Massie does not appear in person, the Court may impose any number of sanctions, including withdrawing his motion to dismiss, holding Mr. Massie in default, or ordering monetary sanctions.

*Id.*

On November 4, 2025, Mr. Massie did not appear for the hearing.  He made no request for an adjournment.  Counsel for Plaintiff appeared.  The Court and its staff were prepared to proceed.  Nearly twenty minutes after the hearing was scheduled to begin, Mr. Massie still had not appeared.

3

Consequently, the Court adjourned the hearing.

Because Mr. Massie failed to appear at the November 4, 2025 hearing, the Court issued an order to show cause why the Court should not hold him in default. Dkt. No. 76. After reviewing the extensive history of Mr. Massie's failure to appear and failures to litigate his motion, the Court ordered Mr. Massie to show cause no later than December 1, 2025 why default should not be entered against him. *Id.* at 9.

In a manifestation of what the Court now views as Mr. Massie's intentional "rope a dope" strategy to this litigation, on December 1, 2025—the last day established by the Court—Mr. Massie responded to the order to show cause. Dkt. No. 77. In it, he affirmed that he did not appear because he had been "feeling ill for several days, including the morning of the hearing." *Id.* Mr. Massie asserted that he regretted "not notifying the Court." *Id.* He asked for still more time to be able to retain counsel and requested that the Court not enter default against him. *Id.* Mr. Massie "respectfully" asked "the Court for a brief extension to fully prepare a response and to seek legal representation." *Id.*

After the Court received Mr. Massie's response, on December 3, 2025, the Court granted Mr. Massie's request and determined that it would not at that time find him in default. Instead, the Court ordered that the evidentiary hearing take place on January 12, 2026. Dkt. No. 78. The Court counseled Mr. Massie as follows: "The Court will not grant further adjournments of the evidentiary hearing. This is Mr. Massie's final opportunity to litigate his motion to dismiss. The hearing on Mr. Massie's motion to dismiss has already been rescheduled at least six times over the course of the last fourteen months." *Id.* Furthermore, the Court wrote the following: "If Mr. Massie does not appear at the January 12, 2026 hearing, the Court will find him in default. The Court may also impose other sanctions, including ordering monetary sanctions." *Id.*

At approximately 10:01 p.m. on Saturday, January 10, 2026, the Court received a letter from

Kristina Lopez, who identified herself as a person "assisting Mr. Massie with administrative matters." Dkt. No. 79. In the letter, Ms. Lopez wrote:

> I write to notify the Court of a medical emergency concerning Defendant Ronald Massie in the above-referenced matter.
>
> Mr. Massie is currently admitted to the hospital and is physically unable to appear for his scheduled court appearance on Monday, January 12, 2026, at 10:00 a.m. At this time, he is expected to remain hospitalized for at least another week. Due to his condition, he does not currently have the ability to communicate directly with the Court or submit filings on his own.

*Id.* Ms. Lopez's letter was not notarized. It was not filed under penalty of perjury.

On January 12, 2026 at the appointed time, the Court convened to begin the scheduled hearing. The Court, the Court's staff, and counsel for Plaintiff were all present. Mr. Massie was not. Despite the clear statement that the Court would hold Mr. Massie in default should he fail to appear at the January 12, 2026 conference, the Court again extended Mr. Massie grace and ordered that he appear at a conference on February 2, 2026 to show cause why default should not be entered against him. Dkt. No. 80 (the "January Order"). The Court ordered that he appear in person for the conference. The Court's order stated the following:

> If Mr. Massie does not appear in person to respond to this order to show cause, the Court **will** hold him in default: a written submission will not suffice. At this point, the Court does not believe that a written statement on Mr. Massie's behalf will permit the conclusion that Mr. Massie will ever appear to defend himself in this case.

January Order at 11–12.

Unsurprisingly, given Mr. Massie's historical approach to the case, at 9:30 a.m. on February 2, 2026, Mr. Massie's assistant, Ms. Lopez, sent an email to the Court, signed electronically by Mr. Massie. In it, Mr. Massie wrote to "respectfully apologize for any confusion regarding today's hearing." Dkt. No. 82, at 1. He wrote that due to his "recent hospitalization and medical treatment, I am medically unable to appear at this time." *Id.* Mr. Massie's email attached a letter from Amanda Collins-Baine, MD, also dated February 2, 2026. In it, Dr. Collins-Baine stated that Mr. Massie had

been hospitalized for a period of time, and that he had been discharged on January 21, 2026, and "transferred to The Mary Manning Walsh Rehabilitation Center for inpatient rehabilitation . . . ." Dkt. No. 82-1, at 1. Dr. Collins-Baine stated that Mr. Massie's illness has "significantly impaired his ability to walk and perform daily activities." *Id.*

Mr. Massie's email was not sworn. Nor was the letter from Dr. Collins-Baine. Mr. Massie's email also does not provide any information about when he will be able to appear to defend himself.

The Court held the scheduled conference on February 2, 2026. Counsel for Plaintiff appeared, as did the Court and its staff. Because Mr. Massie did not appear, the Court adjourned the conference.

## II.    LEGAL STANDARD

### a.    Rule 16(f)

Federal Rule of Civil Procedure 16(f) provides, in relevant part, that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). "[A]ll litigants, including pro ses, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 104 (2d Cir. 1990) (citation omitted). "Rule 16(f) incorporates the same standards developed under Rule 37(b)(2)." *Vajic v. API Rest. Corp.*, No. 12-cv-757 (RWS), 2014 WL 4384148, at *2 (S.D.N.Y. Sept. 4, 2014) (citations omitted). The Rule 37 sanctions incorporated into Rule 16 include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi).

The Second Circuit has identified several factors that "may be useful in evaluating a district court's exercise of discretion" to dismiss an action under Rule 37: "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned

of the consequences of . . . noncompliance.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302–03 (2d Cir. 2009) (citation omitted).

### b. Rule 55(a)

Federal Rule of Civil Procedure 55(a) states that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "[A] district judge . . . possesses the inherent power to enter a default" pursuant to Federal Rule of Civil Procedure 55(a). *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend.'" *Id.* at 129; *see, e.g.*, *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("failing to appear for a deposition, dismissing counsel, giving vague and unresponsive answers to interrogatories, and failing to appear for trial were sufficient to support a finding that [defendant] had 'failed to plead or otherwise defend' under Federal Rule of Civil Procedure 55.").

## III.    DISCUSSION

The Court orders that default be entered against Mr. Massie pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(A)(vi), and 55(a) for failing to appear at the February 2, 2026, January 12, 2026, and November 4, 2025 hearings, failing to comply with the Court's August 8, 2025 order, Dkt. No. 74, and abandoning the litigation of his motion to dismiss.

### A.  Default is Likely an Appropriate Sanction Pursuant to Rules 16(f) and 37(b)

#### 1.  Willfulness

Mr. Massie's misconduct has been willful. District courts in this circuit have found a party's actions to be "willful" where the party has disobeyed court orders and failed to appear at scheduled hearings. *See, e.g.*, *Xin Hao Liu v. Millenium Motors Sports, LLC*, No. 17CV6438RPKRER, 2020 WL 7028924, at *3 (E.D.N.Y. Nov. 5, 2020) (finding defendants' conduct was willful where they failed

to respond to discovery requests, ignored court order, and failed to attend final pretrial conference), *report and recommendation adopted sub nom. Xin Hao Liu v. Millenium Motor Sports, LLC*, No. 17CV6438RPKRER, 2020 WL 7024378 (E.D.N.Y. Nov. 30, 2020); *Trustees of the Paper Products, Misc. Chauffers, Warehousemen & Helpers Union Loc. 27 Welfare Tr. Fund & Pension Fund v. J & J Intern. Logistics, Corp.*, No. 12 CV 1475 ILG WMS, 2013 WL 5532710, at *2 (E.D.N.Y. Oct. 4, 2013) (concluding that defendant willfully ignored court orders and failed to appear at status conference); *Walpert v. Jaffrey*, 127 F. Supp. 3d 105, 126-27 (S.D.N.Y. 2015) (finding defendant's conduct was willful where he left the country weeks before his deposition although he "knew for nine months" that his immigration status would not permit re-entry).

Mr. Massie's requests for adjournments in January and February of 2025 due to injury and hospitalization did not constitute willful misconduct—he had a good reason for the requests, and he appropriately requested adjournments rather than deciding simply not to appear without notice. *See* Dkt. Nos. 59, 61. However, Mr. Massie's conduct surrounding the August 11, 2025 and November 4, 2025 hearings constitutes willful misconduct. Although the August 11, 2025 hearing was scheduled over four months in advance, Mr. Massie requested an adjournment just days before the hearing was scheduled to occur because he "[was] in Puerto Rico." Dkt. No. 73. That was not a good justification because he was supposed to be in New York for the hearing required to resolve his motion. And, as the Court noted in its August 8, 2025 order, his late request required Plaintiff to engage in futile hearing preparation. Dkt. No. 74, at 2. Moreover, Mr. Massie did not request any adjournment prior to the November 4, 2025 hearing,[1] nor has he provided any explanation as to his absence. Under these circumstances, it appears that Mr. Massie "has abdicated [his] responsibilities in this litigation" and willfully abandoned his defense, such that entry of default is appropriate.

---

[1] Rule 1(E) of the Individual Rules of Practice in Civil Cases of this Court states: "[a]ll requests for adjournments or extensions of time must be made by letter . . . at least two business days prior to the original [hearing] date."

*Trustees of the Paper Products, Misc. Chauffers*, 2013 WL 5552710, at *2.

On this record, the Court also believes that Mr. Massie's failure to appear at the January 12, 2026 and February 2, 2026 conference was willful. As before, the Court has not received any sworn evidence establishing the factual accuracy of the justifications proffered by Mr. Massie and his assistant. In his February 2, 2026 submission, Mr. Massie attaches a letter that purports to be from Dr. Collins-Blaine. Dkt. No. 82-1. The Court assumes for these purposes that the letter has not been falsified. Inability to come to Court as a result of a medical condition can certainly justify a failure to appear—and would in most circumstances. But several factors lead the Court to conclude that Mr. Massie's medical justification is insufficient here.

First, Mr. Massie's doctor's letter says that he was present yesterday in Manhattan, where the Mary Manning Walsh Rehabilitation Center is located. The letter states that Mr. Massie's illness "has significantly impaired his ability to walk and perform daily activities." But the letter does not say that Mr. Massie was incapable of travelling to and appearing in court. The carefully worded letter does not provide a justification for Mr. Massie's failure to appear yesterday. As counsel for Plaintiff suggests, "there is no reason why Mr. Massie could not have appeared in a wheelchair with his executive assistant . . . who has been corresponding with the Court." Dkt. No. 83 at 1. Given the nature of Mr. Massie's alleged physical limitations—which purportedly limited his ability to walk— he might also have requested that the Court conduct the hearing by telephone or other virtual means. Instead, he waited until the last minute to request an adjournment, and offered no alternative to conducting the proceeding in person.

Second, Mr. Massie has been failing to appear for Court proceedings for well over a year. He has presented justifications for his failures, either immediately before a scheduled conference, as yesterday, or shortly afterwards. The Court now views Mr. Massie's failures to appear and the timing of his requests for adjournments as strategic. This conclusion is supported by several

9

observations.  First, Mr. Massie has never suggested a time when he will be available to litigate the case as an alternative to the date proposed by the Court.  As a result, the Court has been forced to chase him for alternatives—alternatives which he has consistently rejected at the last minute. Second, and relatedly, Mr. Massie has made his requests for adjournments late or at the last minute, indicating an intention to delay the proceedings to the maximum extent possible.  Third, in all of his correspondence with the Court, Mr. Massie has obscured the address of his residence, making it impossible for Plaintiff to serve him there, which might obviate the need to litigate the question whether their first effort to serve him was effective.  Mr. Massie's care in managing this process supports the conclusion that the delay is the result of an intentional strategy.

Given the lengthy history of Mr. Massie's failures to comply, his manifold, unsworn justifications for his failures to appear, the Court believes that Mr. Massie is acting in a manner that is designed to delay adjudication of the case against him.  His approach has been effective at delaying the pursuit of this litigation against him for an extended time, as the Court has extended him grace numerous times.  At this point, the Court sees no method to overcome what appears to be an intentional strategy of delay other than to hold Mr. Massie in default.

Mr. Massie's approach to this case is harmful:  Counsel for Plaintiff has appeared in person at multiple hearings, to no avail because of Mr. Massie's failures to appear.  Mr. Massie's approach has both delayed the resolution of this matter, and, through his late requests for extensions of time and adjournments, needlessly burdened his adversary and the Court.  Most significantly, Mr. Massie has deprived Plaintiff of his opportunity to pursue his claims against Mr. Massie.

### 2.  Efficacy of Lesser Sanctions

Lesser sanctions are not appropriate here.  "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010).  "Where

defendants willfully abandon their defense of the case, case-ending sanctions are appropriate." *Xin Hao Liu*, 2020 WL 7028924, at *4, *report and recommendation adopted sub nom. Xin Hao Liu*, 2020 WL 7024378. The Court has rescheduled the evidentiary hearing on Mr. Massie's motion to dismiss at least six times over the course of the last thirteen months. *See* Dkt. Nos. 53, 54, 60, 62, 65, 74. It is true that several of the requests to adjourn the hearing were made jointly, *see, e.g.*, Dkt. Nos. 52, 59, but Mr. Massie has been the common denominator in nearly every request to adjourn that has been made over this thirteen-month period. Mr. Massie has been expressly advised of the fact that he must appear, and he has been warned of the consequences of failure to do so. The Court's written orders have not been effective in obtaining Mr. Massie's participation in the litigation. The Court does not believe that the imposition of a monetary sanction would be effective given Mr. Massie's failure to comply with Court orders and because of the difficulty of enforcing such sanctions. "[T]he Court finds that lesser sanctions would not achieve compliance or have the necessary deterrent effect." *Xin Hao Liu*, 2020 WL 7028924, at *4, *report and recommendation adopted sub nom. Xin Hao Liu*, 2020 WL 7024378.

### 3. Duration of Non-Compliance

Mr. Massie's failure to actively litigate his motion has extended over a lengthy period and has effectively stalled this litigation. Mr. Massie has not meaningfully participated in this action since April 2, 2025, when the Court held a conference to set a date for the evidentiary hearing on his motion to dismiss. *See* Dkt. No. 65. The duration of Mr. Massie's period of non-compliance weighs in favor of entering default. *See Vargas v. Jet Peru-Courier Corp.*, No. 15-CV-6859 (RRM)(PK), 2018 WL 1545699, at *4 (E.D.N.Y. Mar. 14, 2018) ("[A] period [of noncompliance] as brief as a few months [has] been held to weigh in favor of dispositive sanctions ... [a]nd periods of six months or more weigh even more heavily toward such remedies.") (internal quotation marks and citation omitted), *report and recommendation adopted*, No. 15CV6859RRMPK, 2018 WL 1545679 (E.D.N.Y.

11

Mar. 28, 2018).

### 4. Prior warnings

The Court has advised Mr. Massie of the adverse impact of his failure to comply with the Court's scheduling orders, and the Court has specifically warned him of the consequences of failing to appear at the November 4, 2025 hearing.  On February 3, 2025, following the parties' fourth request to adjourn the hearing, the Court warned that "[t]he parties should not expect the Court to grant additional adjournments."  Dkt. No. 62.  Despite that request, just two days later, Mr. Massie requested an additional adjournment.  Dkt. No. 63.  Mr. Massie requested another adjournment on August 7, 2025.  Dkt. No. 73.   On August 8, 2025, the Court specifically ordered Mr. Massie to appear at the November 4, 2025 hearing.  Dkt. No. 74, at 2.  The Court warned that, if he failed to appear, "the Court may impose any number of sanctions, including . . . holding Mr. Massie in default."  *Id.*  In the most recent order, the Court expressly told Mr. Massie that he would be found in default if he failed to appear.  The order could not have been more clear.

The fact that Mr. Massie requested additional adjournments and then failed to appear, even after the court admonished this conduct, weighs in favor of entering default.  *See Trustees of the Paper Products, Misc. Chauffers*, 2013 WL 5532710, at *2 (directing clerk to enter default against defendant who failed to appear at status conference despite court order warning that defendant's "failure to appear at the . . . conference and/or participate in the action may result in the entry of a default judgment"); *Batson v. RIM San Antonio Acq., LLC*, No. 15CV7576ALCOTW, 2022 WL 769706, at *3 (S.D.N.Y. Feb. 18, 2022), *report and recommendation adopted*, No. 15-CV-07576 (ALC), 2022 WL 767071 (S.D.N.Y. Mar. 14, 2022).  Mr. Massie "cannot credibly argue that he was not sufficiently warned that serious sanctions were imminent."  *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013).

Mr. Massie's conduct suggests that he has willfully ignored court orders and abandoned the

litigation of his motion to dismiss, such that no sanctions short of entering default would compel compliance. Accordingly, the Court will enter default pursuant to Rules 16(f) and 37(b). *See* Fed. R. Civ. P. 16(f)(1); 37(b)(2)(A)(vi).

### B. The Entry of Default is Also Appropriate Pursuant to Rule 55(a)

The Court also finds that default is appropriate pursuant to Rule 55(a) because Mr. Massie has failed to "otherwise defend" this action. Fed. R. Civ. P. 55(a). Under Rule 55(a), a district court may enter default where a party fails "to plead or otherwise defend" the action. *See Mickalis Pawn Shop, LLC*, 645 F.3d at 128. Mr. Massie has not taken any steps to litigate his motion to dismiss since April 2025. He has failed to appear at a scheduled conference following six adjournments, and he has flouted court orders specifically directing him to appear. Under circumstances like those here, courts in this circuit have entered default pursuant to Rule 55(a). *See, e.g., Ajna Living, LLC v. Digit. Accessories TCM Ltd.*, No. 22-CV-3127 (PKC), 2023 WL 3255466, at *2 (S.D.N.Y. May 4, 2023) (entering default pursuant to Rule 55(a) where corporate defendants failed to retain new counsel or appear at case management conference despite court order warning that failure to do so would result in the entry of default judgment); *Xin Hao Liu*, 2020 WL 7028924, at *6 (entering default pursuant to Rule 55(a) where defendants "failed to respond to discovery requests, comply with the Court's orders, or appear at a scheduled hearing"), *report and recommendation adopted sub nom. Xin Hao Liu*, 2020 WL 7024378.

### IV. CONCLUSION

Mr. Massie's conduct over the last sixteen months suggests that any sanctions short of entering default would not be effective. Mr. Massie has presented many excuses and justifications for his numerous failures to comply with Court orders, and failures to appear at scheduled hearings. In light of his *pro se* status, the Court has extended him great solicitude. At this point, on this record, the Court is forced to conclude that Mr. Massie is abusing the opportunities made available to him:

his conduct has all of the emblems of a purposeful strategy designed to extend this litigation indefinitely.

Mr. Massie's strategy has been effective. By forcing the Court to continue to adjourn the hearing, he has delayed the litigation against him for over a year. He has not carried out meaningful efforts that demonstrate an intention to litigate the case. By holding Mr. Massie in default, the Court is changing the script. If Mr. Massie wishes to participate in this case, he, or his counsel, may file an application to vacate the default. As a result of the default, inaction and delay will no longer provide Mr. Massie a strategic advantage. After the failure of the Court's many other attempts to obtain Mr. Massie's participation in the litigation, the Court sees no other alternative than to hold him in default and to place the onus on him to show that he wishes to defend this litigation.

In order to permit Mr. Massie the opportunity to move to vacate the default should he wish to do so, the Court requests that Plaintiff not submit an application for the issuance of an order to show cause for the entry of default judgment against the defendants prior to March 15, 2026.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter default against Mr. Massie to mail a copy of this order to Mr. Massie.

SO ORDERED.

Dated: February 3, 2026
      New York, New York

_____
GREGORY H. WOODS
United States District Judge

14